IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 1:24-cv-10077 |
| v. | **COMPLAINT** |
| BOB'S TIRE CO., INC., | Jury Trial Demanded |
| Defendant. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, race, and/or national origin and to provide appropriate relief to Charging Party Saturnino Suar and other similarly aggrieved individuals who were affected by such unlawful employment practices.  As alleged with greater particularity in Paragraphs 10–11 below, the United States Equal Employment Opportunity Commission ("EEOC") alleges that Defendant Bob's Tire Company, Inc. ("Defendant") discriminated against Saturnino Suar and other similarly aggrieved Individuals (collectively, "Aggrieved Individuals") at Defendant's New Bedford, Massachusetts location by subjecting them to a hostile work environment based on sex, race, and/or national origin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Massachusetts.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, a Massachusetts corporation, has continuously been doing business in the State of Massachusetts, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Saturnino Suar filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.

7. On June 23, 2023, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated as to Saturnino Suar and a class of similarly aggrieved individuals, and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 24, 2023, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least April 2021, Defendant has engaged in unlawful employment practices at its New Bedford, Massachusetts location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Saturnino Suar and other Aggrieved Individuals to a hostile work environment based on sex, national origin, and/or race. More specifically:

a. Defendant owns and operates a scrap tire, removal, recycling, and related service company out of its facility located in New Bedford, Massachusetts ("New Bedford facility").

b. Defendant's owner is Robert ("Bob") Bates.

c. Bob Bates supervised Defendant's employees, including those employees who worked in the area at Defendant's New Bedford facility referred to as the "yard."

d. On approximately August 21, 2019, Defendant hired Saturnino Suar for a General Labor position at its New Bedford facility through the staffing agency, BJ's Service Company, Inc. ("BJ's").

e. In the position of General Labor for Defendant, Mr. Suar's responsibilities included unloading tire deliveries and inspecting and sorting tires at Defendant's New Bedford facility in an area referred to as the "yard."

f. In the position of General Labor for Defendant, Defendant paid Mr. Suar the hourly minimum wage set by the State of Massachusetts.

g. Mr. Suar is Guatemalan and of Mayan K'iche descent.  Mr. Suar speaks both K'iche, a Mayan language, and Spanish.

h. Throughout Mr. Suar's employment with Defendant, Bob Bates:

   i. called Mr. Suar and other Guatemalan employees, many of whom were of Mayan K'iche descent, "fucking Guatemalans" on a nearly daily basis;

  ii. regularly told Mr. Suar and other Guatemalan and/or Hispanic employees to "go back to [their] country;"

  iii. frequently wore and/or pointed to a United States Immigration and Customs Enforcement ("ICE") hat when giving Mr. Suar and other Guatemalan and/or Hispanic employees their paychecks to intimidate and/or instill fear in these same employees;

  iv. refused to call one long-term Guatemalan employee by his given name, but instead called him only "poopoo" or "booboo;"

  v. made masturbation gestures and/or said puñeta—a Spanish slang term for masturbation—at male, Hispanic employees as they walked past Bob Bates' office toward the bathroom;

  vi. regularly called Mr. Suar and other male employees "faggots;" and

  vii. told male employees to "suck [his] dick" at least once a week; and

  viii. grabbed his genitals in response to Mr. Suar and other male employees requesting water breaks, raises, or work-related equipment.

i. In approximately 2018, Defendant hired Seferino Cruz for its General Labor position through the staffing agency, BJ's.

j. Throughout Mr. Suar's employment with Defendant, Cruz:

   i. regularly yelled at Mr. Suar and called him "caca de caballo"—Spanish for "horse poop");

   ii. called Guatemalan employees "burro" and made donkey noises towards them, including in the presence of Bob Bates;

   iii. told one Guatemalan employee that he could physically assault him and no one would do anything about it because the employee did not "have papers."

k. In approximately April 2021, Cruz groped Mr. Suar's buttocks and, when Mr. Suar immediately confronted him, Cruz taunted Suar by asking, "what are you going to do to me?"

l. At least once a week from April 2021 until October 2021, Cruz:

   i. laughingly recounted to other employees that he grabbed Mr. Suar's buttocks;

   ii. blew air kisses to Mr. Suar; or

   iii. called Mr. Suar "mi amor" and "corazón."

m. In approximately April 2021, the same day Cruz groped Mr. Suar's buttocks, Mr. Suar complained about Cruz's groping of his buttocks to Bob Bates.

n. Bob Bates responded to Mr. Suar's April 2021 complaint about Cruz's unwanted physical groping by:

   i. Immediately laughing;

    ii.  Subsequently mocking Mr. Suar, in front of other employees, for having a romantic or sexual relationship with Cruz; and

    iii.  Laughing at Cruz's unwanted sex-based comments to Mr. Suar, such as those described above in Paragraph 10.l above.

  o.  On approximately October 21, 2021, one of Defendant's employees reported to BJ's that Mr. Suar was being sexually harassed by Mr. Cruz at Defendant's New Bedford facility.

  p.  On approximately October 25, 2021, Defendant fired Mr. Suar and approximately 17 other Guatemalan employees for participating in a strike at Defendant's New Bedford facility.

  q.  On approximately October 26, 2021, a BJ's representative met with Cruz, Bob Bates, and Defendant's employee Susan Beaushemin to inform Cruz that, following an investigation by BJ's, his employment with BJ's was terminated for sexually harassing Mr. Suar at Defendant's New Bedford facility.

  r.  On approximately October 28, 2021, a letter was hand delivered to Bob Bates signed by Mr. Suar and other Guatemalan employees fired by Defendant on October 25, 2021.  This letter requested that:

    i.  Cruz "be reprimanded for and prohibited from touching our bodies, including our buttocks" as it is "inappropriate and degrading;"

        ii.     Defendant rehire the signatories;

        iii.    Defendant treat the signatories "with respect," including calling them by their names and not referring to them "as animals ('burros');"

        iv.    Defendant stop "target[ing] and mock[ing]" the signatories for their "Mayan language and culture;"

        v.     the signatories "not be threatened physically" while working.

    s.    Defendant never responded to this October 28, 2021 letter, or conducted any investigations into the allegations contained therein.

    t.    On approximately October 28, 2021, Bob Bates directly hired Cruz as an employee of Defendant.

11.    Defendant also engaged in unlawful employment practices at its New Bedford, Massachusetts location, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against Saturnino Suar because he complained of sexual harassment. These unlawful practices include, but are not limited to, those above in Paragraph 10.n above.

12.    The effect of the practices complained of in Paragraphs 10–11 above has deprived the Aggrieved Individuals of equal employment opportunities and otherwise adversely affect their status as employees, based on sex, national origin, and/or race.

13. The unlawful employment practices complained of in Paragraphs 10–11 above were intentional.

14. The unlawful employment practices complained of in Paragraphs 10–11 above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individuals.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of sex, national origin, and/or race.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates against any individual in retaliation for asserting their rights under federal employment law or otherwise engaging in protected activity.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for the Aggrieved Individuals and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future pecuniary losses resulting from the

unlawful employment practices in Paragraphs 10–11 above, in amounts to be determined at trial.

    E.    Order Defendant to make whole the Aggrieved Individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 10–11 above, in amounts to be determined at trial.

    F.    Order Defendant to pay the Aggrieved Individuals punitive damages for its malicious and reckless conduct, as described in Paragraphs 10–11 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Dated: January 10, 2024

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY CRUZ
Assistant Regional Attorney
kimberly.cruz@eeoc.gov

New York District Office
33 Whitehall Street, 5th Floor
New York, NY  10004

/s/  Katie N. Linehan
KATIE N. LINEHAN
Trial Attorney
katie.linehan@eeoc.gov
Office:  617-865-3671

Boston Area Office
15 New Sudbury Street, Room 475
Boston, MA  02203