UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>V.<br><br>BOB'S TIRE CO., INC.,<br><br>        Defendant. | CIVIL ACTION NO. 1:24-cv-10077-AK |

## AMENDED ANSWER AND DEMAND FOR JURY TRIAL

For its answers and defenses to the Complaint ("Complaint") of plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Plaintiff"), defendant Bob's Tire Co., Inc. ("Bob's" or "Defendant") states as set forth herein. Unless expressly answered herein, all allegations of the Complaint are denied. Defendant answers the allegations set forth in the separately numbered paragraphs of the Complaint as follows:

NATURE OF THE ACTION

Defendant specifically denies that it discriminated against Charging Party Saturnino Suar ("Charging Party") or any allegedly Aggrieved Individual; that it retaliated against Charging Party or any allegedly Aggrieved Individual; and/or that Charging Party or any allegedly Aggrieved Individual was subjected to a hostile work environment based upon their sex, race, national origin, or status in any other protected class. Defendant further states that to the extent this introductory paragraph purports to summarize the contents of Plaintiff's Complaint, the Complaint is a written document that speaks for itself and is the best evidence of its contents.

## JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to state claims under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) ("§ 1981"). Defendant denies that Plaintiff's claims have any merit. The remainder of Paragraph 1 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

2. Defendant denies that it committed any unlawful employment practices.

## PARTIES

3. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies them.

4. Defendant admits that it is a corporation organized under the laws of the Commonwealth of Massachusetts and that it employs more than 15 individuals.

5. Paragraph 5 of the Complaint consists of a conclusion of law to which Defendant is not required to respond.

## ADMINISTRATIVE PROCEDURES

6. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies them.

7. Defendant admits that it received correspondence from Plaintiff on or about June 23, 2023. Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents. Defendant specifically denies that it committed any unlawful employment practices, including but not limited to any alleged violations of Title VII.

8. Defendant admits that it received correspondence from Plaintiff on or about August 24, 2023. Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

9. Paragraph 9 of the Complaint consists of a conclusion of law to which Defendant is not required to respond. To the extent a response is required, Defendant denies that Plaintiff's claims in the Complaint are meritorious.

## STATEMENT OF CLAIMS

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

   a. Defendant admits the allegations contained in Paragraph 10(a) of the Complaint.

   b. Defendant admits the allegations contained in Paragraph 10(b) of the Complaint.

   c. Defendant admits that Robert "Bob" Bates ("Mr. Bates") is Defendant's president and director. Defendant denies that Mr. Bates is the direct supervisor of all of Defendant's employees and/or that Mr. Bates personally supervised Charging Party or other employees during the course of their daily activities.

   d. Defendant admits that a third-party staffing agency, BJ's Service Company, Inc., provided Charging Party to Defendant for a general labor position with Defendant on or about August 21, 2019. Defendant otherwise denies the allegations in Paragraph 10(d) of the Complaint.

  e. Defendant admits that Charging Party's job duties included, but were not limited to, unloading tire deliveries. Defendant denies the remaining allegations in Paragraph 10(e) of the Complaint.

  f. Defendant admits the allegations contained in Paragraph 10(f) of the Complaint.

  g. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10(g) of the Complaint and therefore denies them.

  h. Defendant admits that Charging Party worked for Defendant from on or about August 21, 2019 until October 25, 2021, which is the only allegation that Paragraph 10(h) contains as to Defendant.

  i. Defendant denies that Mr. Bates ever referred to Charging Party or any other employee as "fucking Guatemalans." Defendant is without information sufficient to form a belief as to the truth of the allegations of the nationality or descent of Charging Party or any other employees and therefore denies them.

  ii. Defendant is without information sufficient to form a belief as to the truth of the allegations of the nationality or descent of Charging Party or any other employees and therefore denies them. Defendant denies all remaining allegations in paragraph 10(h)(ii) of the Complaint.

  iii. Defendant is without information sufficient to form a belief as to the truth of the allegations of the nationality or descent of Charging Party or any other employees and therefore denies them. Defendant denies all remaining

4

allegations in paragraph 10(h)(iii) of the Complaint.

    iv. Defendant denies that Mr. Bates referred to any employee as "poopoo." Defendant admits that Mr. Bates, along other employees, including upon information and belief Charging Party and other Guatemalan employees, referred to an individual as "Boo-Boo," a reference to the cartoon character Boo-Boo bear, because this employee frequently worked with another employee named Yogi. Further answering, Defendant states that this nickname was completely unrelated to this employee's race and/or national origin, and this employee never complained about or objected to this nickname.

    v. Defendant denies that Mr. Bates ever made masturbation gestures and/or said "puneta" to Charging Party or any other employee. Defendant is without information sufficient to form a belief as to the truth of the allegations of the nationality or descent of Charging Party or any other employees and therefore denies them.

    vi. Defendant denies the allegations contained in Paragraph 10(h)(vi) of the Complaint.

    vii. Defendant denies the allegations contained in Paragraph 10(h)(vii) of the Complaint.

    viii. Defendant denies the allegations contained in Paragraph 10(h)(viii) of the Complaint.

  i. Defendant admits the allegations contained in paragraph 10(i) of the Complaint.

  j. Defendant admits that Seferino Cruz ("Mr. Cruz") and Charging

Party both worked for Defendant from on or about August 21, 2019 until October 25, 2021, which is the only allegation that Paragraph 10(h) contains as to Defendant.

      i.      Defendant denies the allegations contained in Paragraph 10(j)(i) of the Complaint.

      ii.      Defendant denies the allegations contained in Paragraph 10(j)(ii) of the Complaint.

      iii.      Defendant denies the allegations contained in Paragraph 10(j)(iii) of the Complaint.

k.      Defendant denies the allegations contained in Paragraph 10(k) of the Complaint.

l.      Defendant denies the allegations contained in Paragraph 10(l) of the Complaint.

      i.      Defendant denies the allegations contained in Paragraph 10(l)(i) of the Complaint.

      ii.      Defendant denies the allegations contained in Paragraph 10(l)(ii) of the Complaint.

      iii.      Defendant denies the allegations contained in Paragraph 10(l)(iii) of the Complaint.

m.      Defendant denies the allegations contained in Paragraph 10(m) of the Complaint.

n.      Defendant denies the allegations contained in Paragraph 10(n) of the Complaint.

4877-2068-6500.3 / 114275-1004

       i.      Defendant denies the allegations contained in Paragraph 10(n)(i) of the Complaint.

       ii.     Defendant denies the allegations contained in Paragraph 10(n)(ii) of the Complaint.

       iii.    Defendant denies the allegations contained in Paragraph 10(n)(iii) of the Complaint.

o.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10(o) of the Complaint and therefore denies them.

p.     Defendant admits that it terminated the employment of Charging Party and other employees for trespassing on Defendant's property, for blocking Defendant from accessing certain parts of its property and thereby preventing Defendant's other employees from performing their job duties, and for refusing to leave. Defendant otherwise denies Plaintiff's allegations in Paragraph 10(p).

q.     Defendant admits that on or about October 26, 2021, Mr. Bates, Suzanne Beauchemin, and a representative of BJ's Service Company, Inc. met with Mr. Cruz. Defendant denies Plaintiff's characterization of this meeting.

r.     Defendant admits that on or about October 28, 2021, Defendant received a letter purportedly signed by Charging Party and other individuals containing allegations of alleged conduct by Mr. Cruz. Further answering, Defendant states this was the first time Charging Party or any other employee alleged to Defendant that Mr. Bates, Mr. Cruz or any other employee engaged in inappropriate conduct, and Defendant denies that any such conduct occurred.

Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

      i.      Defendant denies that the conduct referenced in Paragraph 10(r)(i) of the Complaint occurred. Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

      ii.      Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

      iii.      Defendant denies that the conduct referenced in Paragraph 10(r)(iii) of the Complaint occurred. Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

      iv.      Defendant denies that the conduct referenced in Paragraph 10(r)(iv) of the Complaint occurred. Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

      v.      Defendant denies that the conduct referenced in Paragraph 10(r)(v) of the Complaint occurred. Further answering, Defendant states that to the extent these allegations purport to summarize the contents of a written document, the document speaks for itself and is the best evidence of its contents.

      s.      Defendant denies the allegations contained in Paragraph 10(s) of the

Complaint.

  t. Defendant admits the allegations contained in Paragraph 10(t) of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## PRAYER FOR RELIEF

Defendant states that Plaintiff's allegations in its so-called Prayer for Relief are general statements of law and conclusions of law to which no response is required. To the extent a response is required, Defendant denies any and all allegations of discrimination, retaliation, and harassment, and Defendant further denies that Plaintiff, Charging Party or any other individual is entitled to the relief sought in Plaintiff's so-called Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims rely on allegations or discrete acts outside of the applicable statute of limitations, such claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the failure to exhaust administrative remedies required by applicable laws.

4877-2068-6500.3 / 114275-1004

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Charging Party or any other allegedly Aggrieved Individual mitigated, minimized or avoided any damages allegedly sustained, any damages against Defendant must be reduced by that amount. In addition, to the extent that Charging Party or any other allegedly Aggrieved Individual failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any damages against Defendant must be barred.

**FIFTH AFFIRMATIVE DEFENSE**

Any recovery should be offset by sums owed by Charging Party or any other allegedly Aggrieved Individual to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

The imposition of punitive, liquidated, exemplary and/or treble damages would constitute an arbitrary or irrational deprivation of property and would be constitutionally impermissible.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive, liquidated, exemplary and/or multiple damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff, in whole or in part, are barred by the doctrines of waiver, laches, accord and satisfaction, unclean hands, and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows Charging Party or any other allegedly Aggrieved Individual engaged in misconduct prior to, during, after, or in connection with their employment, that otherwise would have resulted in their discharge, if such conduct were then known to Defendant.

10

## TENTH AFFIRMATIVE DEFENSE

At all times relevant to the allegations in the Complaint, Defendant maintained an effective policy for the prevention and correction of unlawful practices. Notwithstanding the existence of this policy, Charging Party or any other allegedly Aggrieved Individual unreasonably failed to utilize that policy in connection with the allegations of unlawful practices asserted in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Any acts or omissions by Defendant that Plaintiff alleges were done in good faith, and Defendant had reasonable grounds for believing that its acts or omissions were not a violation of any laws.

## TWELFTH AFFIRMATIVE DEFENSE

Insofar as Plaintiff seeks to recover for an act or omission not timely referenced in any administrative charge or complaint, Plaintiff may not recover any relief for such alleged act or omission required to be referenced in an administrative charge or complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable to the extent that any individual employee or agent acted outside the course and scope of his or her employment.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any and all actions Defendant took with respect to Charging Party or any other allegedly Aggrieved Individual were taken for legitimate, nondiscriminatory reasons and consistent with business necessity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant was justified or privileged in all actions taken towards Charging Party or any other allegedly Aggrieved Individual.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant would have taken the same actions in regard to Charging Party or any other allegedly Aggrieved Individual in the absence of any alleged discriminatory factor.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees, costs and/or interest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If Defendant is liable for any damages, which Defendant specifically denies, damages are limited by the applicable statutory caps for an employer of Defendant's size.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's claims should be dismissed in whole or in part because Plaintiff fails to adequately identify and/or alleged conduct related to the unidentified Aggrieved Individuals.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

## JURY DEMAND

Bob's Tire Co., Inc. demands a trial by jury as to all issues so triable.

4877-2068-6500.3 / 114275-1004

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BOB'S TIRE CO., INC., |
|  | By its attorneys, |
|  | */s/ Matthew J. Lynch* |
|  | Alice A. Kokodis (BBO No. 631401) |
|  | Matthew J. Lynch (BBO No. 689363) |
|  | **LITTLER MENDELSON, P.C.** |
|  | One International Place, Suite 2700 |
|  | Boston, MA  02110 |
|  | Phone 617.378.6000 |
|  | Fax 617.737.0052 |
|  | akokodis@littler.com |
| Dated:  April 1, 2024 | mlynch@littler.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st  day of April 2024, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Matthew J. Lynch
Matthew J. Lynch

13

4877-2068-6500.3 / 114275-1004